UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEATHER THRASHER<br>of Strong, County of Franklin and State of Maine<br><br>Plaintiff<br><br>vs.<br><br><br>GREYHOUND LINES, INCORPORATED<br>a Corporation duly organized and incorporated under the laws of Delaware with a principal place of business in Dallas, County of Dallas, and State of Texas<br><br>Defendant | CIVIL ACTION DOCKET NO._____<br>JURY TRIAL DEMANDED |

**NOW COMES** the Plaintiff, Heather Thrasher, ("Heather"), by and through counsel, TERRY GARMEY & ASSOCIATES, and complains against the Defendant, Greyhound Lines, Inc., ("Greyhound") as follows:

### INTRODUCTION AND SUMMARY OF ACTION

1. This is a negligence action against Greyhound. Heather, an and adult with mild retardation and a survivor of child abuse, was a passenger on Defendant Greyhound's bus when Defendant's bus driver negligently collided with another vehicle in transit. The impact caused

Heather physical injuries and caused her to severely relapse in Post-Traumatic Stress Disorder and Major Depression.

## PARTIES

2. Plaintiff Heather Thrasher is an individual who resides in the Town of Strong, County of Franklin, and State of Maine.

3. Upon information and belief, Defendant Greyhound Lines, Inc. Company, LLC is a corporation duly organized and incorporated under the laws of Delaware with a principal place of business in the City of Dallas, County of Dallas, and State of Texas, and is authorized to and does conduct business in the State of Maine.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over all claims herein pursuant to 28 U.S.C. § 1332 in that the Plaintiff is a resident of the State of Maine, and Defendant Greyhound is a limited liability company duly organized and incorporated under the laws of Delaware with a principal place of business in the City of Dallas, County of Dallas, and State of Texas, and is authorized to and does conduct business in the State of Maine; and because the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. This Court has personal jurisdiction over Defendant Greyhound pursuant to Rule 4 of the Federal Rules of Civil Procedure and 14 M.R.S.A. § 704-A insofar as Defendant Greyhound is authorized to and does conduct business in the State of Maine.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) insofar as Defendant Greyhound resides in this judicial district and is subject to the court's personal jurisdiction with respect to the civil action in question.

## FACTUAL BACKGROUND

7.      Plaintiff Heather Michelle Thrasher, born Sandi Jane Rutz, was born with moderate mental retardation.

8.      Plaintiff Heather Thrasher suffered child abuse by her father from an early age until the Department of Health and Human Services removed Heather and her siblings from his home and he was arrested.

9.      Plaintiff Heather Thrasher was diagnosed and treated with Post-Traumatic Stress Disorder and Major Depression as a result of the abuse she suffered from her father.

10.     Plaintiff Heather Thrasher was adopted by Karen Thrasher on October 21, 2004 and her name was formally changed to Heather Michelle Thrasher.

11.     Plaintiff Heather Thrasher moved to Maine with her adopted sister Anita Holland and the eleven other mentally impaired adults under Anita Holland's care because her adopted mother, Karen Thrasher developed Alzheimer's disease and could no longer care for her.

12.     After Plaintiff Heather Thrasher spent time with Anita Holland and her new family, her Post-Traumatic Stress Disorder and Major Depression symptoms significantly improved and she was able to socialize with family and friends and engage in independent activities.  She participated in games, cooking, and shopping trips with her family and was able to travel on four cross country road-trips without assistance.

13.     By January 2013, Plaintiff Heather Thrasher's Post-Traumatic Stress Disorder symptoms improved to the point where she could engage in a cross-country road trip without accompanying family members.

14. In January 2013, Plaintiff Heather Thrasher began a trip on Defendant Greyhound's bus to travel from Maine to Michigan to pick up her sister, Tara Thrasher, and bring her back to Maine.

15. On January 17, 2013, Plaintiff Heather Thrasher was a passenger on Defendant Greyhound's bus, driven by Mark Harris ("Harris").

16. At all material times hereto, Harris was acting within the scope of his employment of Defendant Greyhound Lines, Inc.

17. On the morning of January 17, 2013, Harris was driving Plaintiff Heather Thrasher and other passengers in Defendant Greyhound's bus eastbound on Route 90 in the McKean Township, County of Erie, and State of Pennsylvania, en route to Buffalo, New York.

18. At approximately 7:15 a.m., Defendant Greyhound's employee driver, Harris carelessly and negligently failed to observe a vehicle in front of him also traveling eastbound on Route 90 and collided with said vehicle, ("the crash") causing Defendant Greyhound's bus to swerve into a ditch on the side of Route 90.

19. As a result of his negligent driving, Defendant Greyhound's employee driver Harris was cited by the Pennsylvania state police for careless driving.

20. The crash caused Plaintiff Heather Thrasher to vault forward and slam into the floor of Defendant Greyhound's bus where she sustained injuries to her neck, back, and knees.

21. The crash caused Plaintiff Heather Thrasher to experience a severe relapse of Post-Traumatic Stress Disorder and Major Depression.  She can no longer sleep in a room by herself and she is in constant fear that her father will attack her.

22. As a result of the crash, Plaintiff Heather Thrasher became emotionally withdrawn and stopped doing many of the activities she once enjoyed.  She stopped socializing

with her family, and ceased playing games, traveling alone, or going out into the community to shop and eat at restaurants.

## COUNT I
### Negligence Against Defendant Greyhound

23.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22 above as if set forth fully herein.

24.     Plaintiff Heather Thrasher was a paying customer of Defendant Greyhound and was a passenger on Defendant Greyhound's bus on January 17, 2013, at the time of the crash.

25.     Defendant Greyhound's employee driver, Harris, was acting within the scope of his employment with Defendant Greyhound at the time of the crash on January 17, 2013.

26.     Defendant Greyhound  owed a duty to Plaintiff Heather Thrasher to safely transport her to her destination.

27.     Defendant Greyhound breached that duty to Plaintiff Heather Thrasher, including by its failure to properly train its employee driver Harris, to operate Defendant's bus with reasonable care  and by its employee driver Harris failing to observe the vehicle in front of him and colliding with that vehicle.

28.     As a result of the carelessness and negligence of Defendant Greyhound, as discussed above, Plaintiff Heather Thrasher has suffered and will continue to suffer physical and damages and has incurred and in the future will continue to incur expenses for medical treatment.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Greyhound Lines, Incorporated for damages which this Court deems reasonable together with interest and costs.

Dated at Portland, Maine this 6th day of January, 2015

/s/ David Kreisler_____
David Kreisler, Esquire (8098)
Gary Goldberg, Esquire (320)
*Attorneys for Plaintiffs*

TERRY GARMEY & ASSOCIATES
482 Congress Street, Suite 402
Portland, ME 04101
Tel: (207) 899-4644
Fax: (207) 541-9242